[L. A. No. 583.  In Bank.—February 2, 1899.]

HENRIETTA ANDERSON, Respondent, v. WILLIAM H. ANDERSON, Appellant.

DIVORCE—JUDGMENT FOR ALIMONY—RECEIVER—APPEAL—STAY OF PRO·
CEEDINGS — SUPERSEDEAS. — A judgment for alimony rendered in an action of divorce, for the support of the plaintiff and her children, which, by its terms, makes the alimony a lien upon all the real estate of the defendant and directs a receiver appointed by the court to take charge of the real estate, and out of the net income thereof to pay the alimony to plaintiff as it should accrue, cannot be enforced by execution against other property; and the bond of three hundred dollars given upon appeal from the judgment stays all proceedings upon the judgment appealed from, and a writ of *supersedeas* will be issued to stay execution issued upon the judgment, pending the appeal.

ID.—EXECUTION—" PROCEEDING UPON JUDGMENT."—The attempt to collect the alimony by execution, pending the appeal from the judgment, is a "proceeding upon the judgment," and is stayed pending such appeal by the undertaking required in section 941 of the Code of Civil Procedure.

ID.—PRIOR APPEAL FROM ORDER APPOINTING RECEIVER.—A prior appeal from the order appointing the receiver does not enlarge the rights of the plaintiff, nor affect the operation of a subsequent appeal from the judgment, but is independent of the latter appeal.

MOTION in the Supreme Court for a writ of *supersedeas* to stay proceedings for the enforcement of a judgment of the Superior Court of Riverside County, pending an appeal therefrom. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, and E. R. Annable, for Appellant.

E. B. Stanton, for Respondent.

HARRISON, J.—Motion for a writ of *supersedeas*. In an action for divorce brought by the plaintiff, the court rendered its judgment denying the divorce, but awarded to her for the support of herself and two children the sum of eighteen hundred dollars per annum, payable in monthly installments of one hundred and fifty dollars each, declaring the same to be a

lien upon all the real estate of the defendant within the state
of California, and directed that a receiver be appointed to take
the said real estate into his possession and management, and
out of the net income thereof to pay to the plaintiff the amount
of said alimony as it should accrue. Thereafter on the same
day an order was made appointing a receiver of said real es-
tate, with such instructions and authority. The defendant ap-
pealed from the judgment, and also from the order appointing
a receiver, giving a bond of three hundred dollars in each ap-
peal, and also an undertaking in the sum of fifteen thousand
dollars for the purpose of staying the execution of the order
appointing the receiver. Some months afterward the plaintiff
caused a writ of execution to be issued upon the judgment, and
levied upon certain moneys owing to the defendant, and the
court, having refused upon the application of the defendant to
recall the execution, the present application is made to stay
the proceedings for the enforcement of the judgment pending
said appeal.

The plaintiff, having caused the judgment awarding alimony
to her to be collected and paid to her through a receiver ap-
pointed by the court for that purpose, is not entitled to have
the judgment enforced by writ of execution against other es-
tate of the defendant. The judgment does not direct the pay-
ment by the appellant of any money to her, but provides that
the amount awarded her shall be collected by a receiver out
of the rents and profits of the defendant's real estate, and paid
over to her by him as the same shall accrue. The case, there-
fore, falls within the provisions of section 949 of the Code of
Civil Procedure, by which the giving of an undertaking in the
sum of three hundred dollars "stays proceedings in the court
below upon the judgment or order appealed from." (*Pennie v.
Superior Court*, 89 Cal. 31; *McCallion v. Hibernia etc. Soc.*,
98 Cal. 442; *Painter v. Painter*, 98 Cal. 625; *Kreling v. Kreling*,
116 Cal. 458.)

The fact that an appeal has been taken from the order ap-
pointing a receiver does not enlarge the rights of the plaintiff.
That appeal and the effect thereof is independent of the appeal
from the judgment. The attempt to collect the alimony by a
writ of execution is a "proceeding upon the judgment," and,

pending the appeal, is stayed by giving the undertaking required by section 941 of the Code of Civil Procedure.

The application for the writ is granted.

Garoutte, J., McFarland, J., Temple, J., Henshaw, J., and Beatty, C. J., concurred.

Rehearing denied.