SEAWELL, J.
 

 Plaintiff prosecutes this appeal from a judgment of dismissal entered after sustaining of defendants’ general demurrer to the third amended complaint without leave to amend.
 

 The complaint is entitled Third Amended Complaint to Enforce and Foreclose Judgment Liens. It appears therefrom that plaintiff corporation procured two judgments against F. O. Marks in the Municipal Court of San Francisco for the aggregate sum of $1129.56. It caused abstracts of said judgments to be recorded in Orange County, and thereby secured a judgment lien upon the real property which is the subject of this action. F. 0. Marks, the judgment debtor.
 
 *219
 
 subsequently died, and his estate was probated in Orange County. Said estate had been finally settled and closed and the executor discharged prior to filing of the third amended complaint. The date of filing of the original complaint does not appear, but from the fact that the executor of the estate was originally named as defendant, and the devisees were thereafter substituted in his place, it is to be inferred that when the original complaint was filed the estate had not been finally closed by discharge of the executor. The real property which is the subject of this action was distributed to Walter V. Marks, Albert J. Marks and Rebecca Marks Penn, residuary legatees, who are the defendants herein.
 

 Plaintiff alleges that it did not file any claim against the estate of P. 0. Marks, deceased, and that it had no knowledge of his death until after the time for filing claims had expired. The sole question presented is whether a judgment creditor who does not learn of the death of his debtor until after the time for filing claims has expired, and who fails to take steps to secure payment of his claim in the course of administration, may thereafter, within five years of the entry of judgment, bring an equitable action to foreclose a judgment lien against those to whom the estate has been distributed.
 

 Section 732, Probate Code (formerly sec. 1505, Code Civ. Proe.), provides that “a judgment against the decedent for the recovery of money must be filed or presented in the same manner as other claims”. The section also terminates the judgment creditor’s right to execution levy and sale upon the death of the judgment debtor, except where execution has been levied on the debtor’s property prior to his death, in which event a sale may be had thereafter. Plaintiff contends that the above section means only that if the judgment creditor would enforce his judgment and judgment lien through the administration proceedings he must file a claim.
 

 Under section 716, Probate Code (formerly sec. 1500, Code Civ. Proe.), plaintiff contends, a judgment lien creditor may bring an independent equitable action to foreclose his judgment lien where he waives recourse against other property of the decedent. Said section provides: “No holder of a claim against an estate shall maintain an action thereon, unless the
 
 *220
 
 claim is first filed with the clerk or presented to the executor or administrator, except in the following case: An action may be brought by the holder of a mortgage
 
 or lien
 
 to enforce the same against the property of the estate subject thereto, where all recourse against any other property of the estate is expressly waived in the complaint; but no counsel fees shall be recovered in such action unless the claim was filed or presented as aforesaid.” (Italics ours.)
 

 The rule as to mortgage liens is well settled. An action to foreclose a mortgage, waiving recourse against other property, may be brought during the course of administration proceedings or after the estate has been distributed.
 
 (Dreyfuss
 
 v.
 
 Giles,
 
 79 Cal. 409 [21 Pac. 840];
 
 German Sav. & L. Soc.
 
 v.
 
 Fisher,
 
 92 Cal. 502 [28 Pac. 591];
 
 Visalia Sav. Bank
 
 v.
 
 Curtis,
 
 135 Cal. 350 [67 Pac. 329].)
 

 During the lifetime of the debtor the usual and ordinary method of enforcement of a judgment lien is by execution sale. The judgment lien is designed to secure the priority of the judgment creditor over third persons who may acquire rights in the property between the creation of the judgment lien and the sale of the property upon execution in satisfaction of the judgment. An equitable action to foreclose the judgment lien is not required.
 
 (Lisenbee
 
 v.
 
 Lisenbee,
 
 42 Cal. App. 567, 569 [183 Pac. 862]: 2 Freeman on Judgments, p. 2122.)
 

 Section 732, Probate Code, terminates on the death of the debtor the right of the judgment lien creditor to enforce his lien by levy of execution and sale thereunder. But the death of the debtor does not terminate the judgment lien.
 
 (Morton
 
 v.
 
 Adams,
 
 124 Cal. 229 [56 Pac. 1038, 71 Am. St. Rep. 53];
 
 Estate of Wiley,
 
 138 Cal. 301 [71 Pac. 441];
 
 Hibernia Sav. & Loan, Soc.
 
 v.
 
 London etc. Ins. Co.,
 
 138 Cal. 257 [71 Pac. 334];
 
 Nordstrom
 
 v.
 
 Corona City Water Co.,
 
 155 Cal. 206 [100 Pac. 242, 132 Am. St. Rep. 81].) Said lien continues for five years from the entry of judgment unless sooner satisfied or discharged. (Sec. 674, Code Civ. Proc.) The judgment lien creditor, like the holder of a mortgage lien, may file a claim, and in such event the priority of his lien will be protected in the administration proceeding (see. 950, subd.
 
 7;
 
 sec. 762 [formerly 789], Prob. Code), and he will have a claim for any deficiency against the general estate of the decedent.
 

 
 *221
 
 Defendants contend that enforcement of the judgment lien in the course of the administration proceeding is the exclusive remedy of the judgment lien creditor upon the death of the debtor prior to levy of execution. If a judgment lien is enforceable only through the probate»proceeding, and upon the filing of a claim in that proceeding, it alone is singled out from all other liens. Other liens, by virtue of the provisions of section 716, Probate Code, may be enforced against the property subject to the lien, waiving recourse against other property, notwithstanding the time for filing a claim thereon has expired and the estate has been closed.
 
 (Dreyfuss
 
 v.
 
 Giles, supra; German Sav. & L. Soc.
 
 v.
 
 Fisher, supra; Visalia Sav. Bank
 
 v.
 
 Curtis, supra.)
 
 The heirs and distributees take subject to such liens. We can perceive of no reason why the legislature should wish to single out judgment liens for separate, less favorable treatment.
 
 “A
 
 judgment lien has always been regarded as the highest form of security.”
 
 (Morton
 
 v.
 
 Adams,
 
 124 Cal. 229, 231 [56 Pac. 1038, 71 Am. St. Rep. 53].) It is a matter of public record.
 

 We are of the view that section 716, Probate Code, applies to judgment liens, and recognizes a right in the judgment lien creditor to bring an equitable action to foreclose his lien on the death of the judgment debtor. The language of said section is broad. It applies to “mortgages or liens”. As in the case of a mortgage lien, such an action may be brought during the course of the administration proceeding or after the estate has been distributed against those who have succeeded to the property subject to the lien, recourse against other property being waived. Section 732, Probate Code, terminates the right to levy execution upon property subject to the lien, but we find nothing in said section excluding enforcement of a judgment lien through an equitable action brought to foreclose it, which right is recognized as to mortgages and other liens generally by section 716. There is a difference between an execution levy and sale by the sheriff without prior court order, and a foreclosure sale held pursuant to order of the court in an equitable action for foreclosure.
 

 In this analysis, the requirement of section 732, Probate Code, that “a judgment against the decedent for recovery of money must be filed or presented in the same manner as other claims”, means that if the judgment lien creditor would obtain payment of his judgment through the administration
 
 *222
 
 proceeding, with a right to a deficiency in the event the property subject to the lie'n is insufficient to pay him in full, he must file a claim notwithstanding his debt has already been reduced to judgment. This is the rule which applies to mortgages and other iiens.
 

 In
 
 Hibernia Sav. & Loan Soc.
 
 v.
 
 London etc. Soc., supra,
 
 the judgment debtor before her death conveyed the property subject to the judgment lien to her daughter. The conveyance to the daughter did not, of course, extinguish the judgment lien. The death of the mother terminated the creditor’s right to execution sale. Since the property had been conveyed before death and constituted no part of the mother’s estate, the creditor could not enforce its lien in the course of the administration proceeding upon the mother’s estate. In a suit brought by the holder of the first mortgage lien on the property it was held that the holder of the judgment lien, which was a junior incumbrance, could by cross-complaint enforce said lien. (See, also,
 
 Everett
 
 v.
 
 Hayes,
 
 94 Cal. App. 31 [270 Pac. 458].) In the instant case the judgment lien creditor had the remedy of enforcement in the probate proceeding, since the property subject to the lien was part of the estate of the judgment debtor. But said decision is an illustration of the principle that in a proper case a judgment lien may be enforced through an equitable decree for foreclosure. By virtue of the provisions of section 716, Probate Code, we are of the view that such an action lies in the instant case, and that enforcement through the probate proceeding, upon a claim filed, was not an exclusive remedy.
 

 The judgment is reversed.
 

 Curtis, J., Waste, C. J., and Shenk, J., concurred.