[Civ. No. 23076. Second Dist., Div. One. Aug. 7, 1959.]

THELMA E. BAUM, Appellant, v. ERNEST M. BAUM, Respondent.

Charles Murstein for Appellant.

Benjamin P. Riskin for Respondent.

FOURT, J.—This is an appeal from an order denying the "plaintiff's motion to appoint a receiver of, and/or order a sale of defendant's interest in the partnership of J. H. Baum and Sons, charging said interest under section 15028 of the Corporations Code with sums theretofore ordered paid by defendant to plaintiff and made a lien on said partnership interest, and that such lien be foreclosed and a sale of said interest had."

The plaintiff and the defendant were formerly husband and wife. One child was born as the issue of the marriage. Certain orders were made by the trial court wherein the defendant was directed to pay certain amounts to the plaintiff for her support and maintenance and further to pay to the plaintiff certain amounts for the support and maintenance of the child.

There is no reporter's transcript before us and the matter is submitted upon a record consisting of a part of the minutes of the court, selected orders and some motions and affidavits.

Apparently the plaintiff made a motion with reference to the moneys which the court had theretofore ordered the de-

fendant to pay to the plaintiff for the support and maintenance of the plaintiff and child. At or about the same time the defendant petitioned the court to modify the order providing for such payments. A motion was heard on November 9, 1956. On December 11, 1956, there was filed "Findings of Fact by Court Commissioner," wherein it was set forth and found that the defendant was a member of a partnership, which partnership was engaged in the contracting business and that the defendant's only asset was his interest in the partnership. Further, it was found that the plaintiff had remarried on October 25, 1956, that the minor child was self-supporting and that the defendant was delinquent in child support. The commissioner recommended and the court ordered on December 11, 1956 ". . . partnership interest of defendant in . . . is impressed with the unpaid alimony . . . and is impressed with the unpaid child support . . ." and "So much of the sentence heretofore imposed on April 13, 1956 and unexecuted is further suspended on conditions heretofore imposed."

Apparently, the defendant excepted to the findings of the commissioner, although such exceptions are not before us. In any event, an order was made on January 18, 1957, ". . . defendant's exceptions to the findings of the commissioner, and order are granted." It was ordered on January 18, 1957, in effect that the portion of the order as to support of the plaintiff was vacated and a hearing de novo was set down for February 18, 1957. The defendant's exceptions as to the child support were continued to February 18, 1957, if he had paid up the arrearages in child support.

On February 18, 1957, a hearing was held and the court ordered: "the child support order heretofore made to remain in full force and effect until the child becomes of age; and prior to that time, on condition defendant has paid the arrearage accruing under the said order, he may come into court for modification, but at this time modification is denied."

In the hearing on February 18, 1957, a copy of a marriage certificate (presumably of the marriage of the plaintiff to her new husband of October 25, 1956) was introduced into evidence. The matter of further consideration of the petition for modification of alimony was continued to February 19, 1957. There is no copy of the minutes of February 19, 1957, in the record before us. On April 25, 1957, the plaintiff filed a notice of motion: "(a) To terminate the suspension of the sentence imposed upon defendant for contempt; (b) . . .

to correct minutes of January 18, 1957 and enter minute order of February 19, 1957; and (c) . . . to appoint a receiver of and/or order a sale of defendant's partnership interest etc. and (d) . . . for attorney's fees, etc.''

In this latter mentioned document the plaintiff set forth that the minutes of January 18, 1957, should be corrected to read to the effect that the defendant's exceptions to the findings of the commissioner should be granted as to sums accruing subsequent to October 25, 1956, and that the matter as to such amounts be set down for a new hearing; and further that the minutes of February 19, 1957, should read to the effect: that plaintiff waived payments for support accruing after October 25, 1956, and that plaintiff renewed her motions to charge defendant's partnership interest with the amounts due and owing; that the motions were granted with the deductions and order of December 7, 1956, and the commissioner's findings are confirmed with such deduction; that the motion to modify the support for the child is denied because defendant was in contempt. Plaintiff went on to set forth in the notice of motion that there was nothing in the clerk's minutes or any proceedings had on February 19, 1957, but that the court reporter's transcript (which is not before us) did show what had occurred. The motion was heard on July 8, 1957, and the court denied the motion to terminate the suspension of the sentence of defendant for contempt; the motion for the appointment of a receiver was ordered off calendar ''subject to the right to renew the motion within thirty days''; the minutes of January 18, 1957, were amended by adding ''and the matter is set down for a hearing de novo as to sums accruing for plaintiff's support subsequent to October 25, 1956''; the minutes of February 19, 1957, were amended by adding, ''plaintiff waives payments for her support accruing subsequent to October 25, 1956. The Commissioner's findings are confirmed with that deduction''; the defendant was ordered to pay plaintiff's attorney $150 attorney's fees and the amount was to be a lien against the defendant's partnership interest. That order was entered on July 10, 1957. On August 12, 1957, (more than 30 days from July 10, 1957), the plaintiff filed what is denominated a ''notice of renewal of motion to appoint a receiver of and/or order a sale of defendant's partnership interest etc.'' That motion was heard on September 9, 1957, and the court ruled on the same day that: ''the plaintiff's motion to appoint a receiver and/or order a sale of defendant's partnership

interest etc. having heretofore been argued and submitted . . . plaintiff's motion is denied.''

The sole question submitted by the briefs is whether the trial court abused its discretion in refusing to make the orders which are possible under section 15028 of the Corporations Code.

Section 15028 of the Corporations Code reads in part as follows:

''(1) APPLICATION BY JUDGMENT CREDITOR; CHARGE ON PARTNER'S INTEREST; APPOINTMENT OF RECEIVER. On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts, and inquiries which the debtor partner might have made, or which the circumstances of the case may require.''

In appellant's opening brief she appears to be satisfied to rely upon the following authorities: (1) *Sherwood* v. *Jackson*, 121 Cal.App. 354 [8 P.2d 943], which holds to the effect that a separate creditor, that is, a creditor of an individual partner, *may not* levy attachment or execution on a partner's right in specific partnership property, or his interest in the partnership, but may only, after first obtaining judgment, pursue the statutory remedy of seeking a charging order (now under Corp. Code, § 15028); (2) *Ribero* v. *Callaway*, 87 Cal. App.2d 135 [196 P.2d 106] to the effect that a receiver *may* be appointed and Civil Code, section 3523 wherein it is provided that where there is a wrong there should be a remedy.

The Supreme Court said in *Baum* v. *Baum*, 51 Cal.2d 610, 612 [335 P.2d 481] with reference to the orders making the amounts a lien against the partnership interest the following:

''The court has general power to make a support allowance a lien on property (see *Gaston* v. *Gaston* (1896), 114 Cal. 542, 546 [46 P. 609, 55 Am.St.Rep. 786] ; 16 Cal.Jur.2d 527, § 237, and cases there cited), and no showing has been made that it was not merely in the exercise of such general power that the order was made 'impressing' defendant's partnership interest in this case. Further, it appears that an order making support payments a lien upon property does not

constitute either the equivalent of a writ of execution (see *Anderson* v. *Anderson* (1899), 123 Cal. 445 [56 P. 61] ; *Wellborn* v. *Wellborn* (1942), 55 Cal.App.2d 516, 523 [131 P.2d 48] or of a charging order. As hereinafter shown charging orders on partnership interests have replaced levies of execution as the remedy for reaching such interests.''

Assuming that ''charging orders on partnership interests have replaced levies of execution as the remedy for reaching such interests'' and keeping in mind the provisions of sections 139 and 140 of the Civil Code, we are of the belief that appellant has not shown that the trial court abused its discretion. Section 139 of the Civil Code at the time in question read in part as follows :

''In any interloctuory or final decree of divorce or in any final judgment or decree in an action for separate maintenance, the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties, and also to make suitable allowance for the support, maintenance and education of the children of said marriage during their minority, ... *and said decree or judgment may be enforced by the court by execution or by such order or orders as in its discretion it may from time to time deem necessary.''* (Italics added.)

Section 140 of the Civil Code reads as follows:

''The court *may* require any person required to make any payments under the provisions of this article to give reasonable security therefor and *may* enforce the same by the appointment of a receiver, or by any other remedy applicable to the case.''

In *Messenger* v. *Messenger*, 46 Cal.2d 619, 630 [297 P.2d 988] the court said, among other things:

''In 1951, however, section 139 was amended, and in addition to other changes not relevant to this proceeding, a provision was added that orders thereunder 'may be enforced by the court by execution or by such other order or orders as in its discretion [the trial court] may from time to time deem necessary.' Under this provision the trial court now has discretion to determine in each case whether execution is an appropriate remedy for enforcing its order. In the present case the court found on sufficient evidence that to permit the issuance and enforcement of a writ of execution would dis-

credit defendant professionally and impair his ability to make the monthly payments and discharge the arrearages. Accordingly, it did not abuse its discretion in conditioning the issuance of execution on defendant's noncompliance with its order to discharge the arrearages in installments.''

Even in the days before section 139 of the Civil Code provided that it was within the discretion of the trial court as to whether certain enforcement orders should issue, courts on occasion saw fit to withhold the issuance of a writ of execution or to recall or quash a writ which had theretofore been issued. (See 8 Hastings Law Journal, 214.) Defendants on occasions in the past convinced the courts that under special hardship situations the discretion of the court should be exercised to avoid the difficulties which a writ of execution might entail and as said in the Law Review (Note, above mentioned) at page 220:

''Yet, the installment judgment, fair and reasonable at its inception, seemed not always able to contemplate the future misadventures of erstwhile spouses, thus forcing the courts to warily exercise their discretion to prevent obvious injustices.''

Now, however, the court has a specific statute to look to (Civ. Code, § 139) and in our opinion it means what it says, namely, ''that the orders of the court may be enforced by the court by execution or by such other order or orders *as in its discretion* it may from time to time deem necessary.'' (Italics added.)

■ The trial judge in this case had before him the parties, and he was able to and did observe them, he was able to judge of their respective ages, abilities, needs, health conditions, intelligences and adaptabilities. Undoubtedly the judge took into consideration many things such as the fact that the plaintiff, in spite of her remarriage, sought for a time to collect support and maintenance from the defendant and sought to invoke the powers of the court to send the defendant to jail for an earlier contempt and the court further undoubtedly considered the fact that the child had been for some time self-supporting and many other things which do not appear in any record before this court.

The burden is on the appellant to show that there was an abuse of discretion by the trial judge. From the face of the record before us there is no showing of such abuse, to the contrary, there is every indication that the trial court simply selected one of several courses of action which were available

to him and that he acted within the dictates of his conscience and without arbitrary or capricious action. (48 C.J.S. 1008; See *Anderson* v. *Anderson,* 123 Cal. 445 [56 P. 61]; *Wellborn* v. *Wellborn, supra* [55 Cal.App.2d 516 (131 P.2d 48)]; *Bryant* v. *Bryant,* 161 Cal.App.2d 579 [326 P.2d 898]; *Wilkins* v. *Wilkins,* 95 Cal.App.2d 605 [213 P.2d 748]; *Parker* v. *Parker,* 203 Cal. 787 [266 P. 283]; *Anderson* v. *Anderson,* 129 Cal.App.2d 403 [276 P.2d 862]; *Fowler* v. *Fowler,* 126 Cal. App.2d 496 [272 P.2d 546].)

The plaintiff is not by this proceeding forever foreclosed from again applying for various orders which would facilitate the collection of the balance which is apparently due to her; and if the defendant persists in failing to comply with the orders of the court (assuming that he is or will be able to comply) the trial judge will undoubtedly make a charging order as provided for in section 15028 of the Corporations Code or find him guilty of contempt and confine him to jail until he does pay. In any event we do not believe that under the circumstances of the case on the record before us we can say that the trial court abused its discretion.

The order is affirmed.

White, P. J., and Lillie, J., concurred.