295 So.2d 665 (1974)
Paul R. YOUNG and Irene A. Young, His Wife, Appellants,
v.
Max B. CHARNACK et al., Appellees.
No. 73-53.
District Court of Appeal of Florida, Third District.
June 4, 1974.
Ainslee R. Ferdie, Miami, for appellants.
Broad & Cassell and Lewis Horwitz, Miami Beach, Lawrence G. Ropes, Jr., Coral Gables, Klein, Kass & Tannenbaum, Ocala, Herbert Stettin, Miami, for appellees.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
CARROLL, Judge.
Max B. Charnack and Blanche Charnack his wife filed this action to foreclose a first mortgage encumbering real estate. The mortgage secured a note made to plaintiffs by the owners, the defendant Paul R. Young and Irene A. Young, his wife, in the principal sum of $2,900, payable *666 in monthly installments of $50. Other defendants in the action included the First National Bank of Miami Springs, alleged to hold a junior mortgage interest, and the holders of a superior judgment lien, Klein, Kass & Tannenbaum.[1]
During the pendency of the foreclosure action the note and mortgage were lost, when mailed by plaintiffs to their attorneys and not received by the latter. Also, the plaintiffs transferred and assigned their interest in the note and mortgage to Milton Rothman. An amended complaint was filed alleging the loss of the note and mortgage and seeking the re-establishment thereof as lost instruments. An order was made substituting Rothman as the plaintiff.
The defendant bank answered, and cross-claimed alleging default in the indebtedness secured by its junior mortgage, in an amount in excess of $32,000, and seeking foreclosure thereof. The above named holders of a judgment, the lien of which was prior in dignity to the first mortgage, cross-claimed for "foreclosure" of their said judgment.
A defensive pleading filed by the defendant mortgagor-owners Young and wife averred that the real property involved was a homestead. Therein they admitted liability on the first mortgage obligation, expressing doubt as to the unpaid balance thereof; averred the effort of the bank to foreclose its junior mortgage in this action was improper in view of the pendency of a separate action the bank had filed for the foreclosure thereof; and contended the effort of the bank to foreclose the same in this action should be transferred to their already pending separate action for foreclosure; and additionally it was there contended that the effort of the said judgment holders to enforce their judgment in equity in this action was improper.
On motions for summary judgment filed by the plaintiff and by said cross-claimants, summary judgment was entered in favor of the plaintiff for foreclosure of the first mortgage holding there was due thereunder for principal, interest and attorney's fees the sum of $2,226.75; and summary judgment was entered in favor of the cross-claimant bank for foreclosure of its junior mortgage lien for the amount of $32,471.40. Also, the judgment included summary judgment in favor of Klein, Kass & Tannenbaum directing payment of the amount of their said judgment (which was shown to be $432 plus interest from October 23, 1962) out of the proceeds of the foreclosure sale, ahead of payments therefrom to the plaintiff-mortgagee. The defendants Young and wife appealed.
Appellants' first contention is that the court committed error, in the awarding of attorney's fees, by accepting affidavits rather than testimony of witnesses as evidence of the reasonable value thereof. That contention is without merit.
Secondly, the appellants contend the holders of the prior judgment were not entitled to "foreclose" the lien thereof, and it was error to enter summary judgment for payment of their judgment from the foreclosure sale proceeds, in view of the unrefuted pleading of the Youngs stating that the property was homestead. That contention has merit. If there was an issue as to whether the property was homestead (against which the judgment would not be enforceable) it would be necessary for that issue to be determined at a trial. Moreover, a resort to equity for collection of a judgment is not authorized in the absence of a showing of unavailability of collection by legal process. Gantz v. First National Bank of Miami, Fla.App. 1962, 138 So.2d 367; Corporation of America v. Marks, 1937, 10 Cal.2d 218, 73 P.2d 1215; 46 Am.Jur. Judgments, § 904; Freeman on Judgments, Fifth Ed., Vol. 2, § 1017a. In *667 the cross-claim of the judgment holders they made no such showing, alleging merely the existence and priority of the judgment and that it had not been paid. No reason was given why legal execution on the prior judgment would not be effective, unless, as averred by the judgment debtors, the property was homestead. Accordingly, we reverse the provision of the judgment in this action which directed payment of the said prior judgment from the proceeds of the ordered mortgage foreclosure sale.
The appellants' third contention, that error was committed in allowing re-establishment of the lost note and mortgage, is unsound. The fourth contention of the appellants relates to the relief granted to the bank with respect to its junior mortgage lien. Appellants argue the summary judgment in favor of the bank was premature, in view of the showing in their initial defensive pleading that a separate action was pending for the foreclosure thereof, and their showing by their subsequent motion to strike the bank's motion for summary judgment, by which appellants had informed the court that, in the separate action in which the bank was seeking to foreclose its said mortgage, issues relating to the validity thereof were raised and were being litigated. Thereafter in said separate action it was held that the bank's said mortgage or mortgages on this property were invalid. For those reasons the relief granted in this action to the First National Bank of Miami Springs by summary judgment is reversed. Compare the portion of the opinion titled "Disposition of Present Case," in Lasky v. State Farm Insurance Company, Fla. 1974, 296 So.2d 9.
The summary judgment in favor of the plaintiff for foreclosure of the first mortgage, which is not contested on this appeal, is affirmed.
The judgment is affirmed in part and reversed in part, as and in the respects set out hereinabove, and the cause is remanded to the circuit court for further proceedings.
NOTES
[1] It was unnecessary to join as defendants in this action the holders of a judgment the lien of which was superior in dignity to plaintiffs' mortgage. The prior judgment lien would not be affected by the foreclosure, since a sale of the property upon the mortgage foreclosure would be subject to outstanding liens of superior dignity.