GREEN, Judge.
Carlsen & Co., Inc. appeals the involuntary dismissal with prejudice of its actions for injunctive relief, breach of contract, and conspiracy against Henry C. Feldman, Ruben F. Saavedra and Aerofund, Inc. Co. of America during a bench trial. We reverse.
Carlsen is in the foreign currency exchange business, and Feldman and Saavedra are former employees of the company. Feld-man and Saavedra both executed non-competition agreements during their employment with Carlsen. Carlsen filed a six count complaint below which alleged, among other things, that Feldman and Saavedra breached their non-competition agreements when they left Carlsen by proceeding to work for appel-lee Aerofund, a corporation which allegedly is Carlsen’s competitor. Specifically, counts I through IV sought injunctive relief, damages for breach of contract, and damages for civil conspiracy against the appellees. Counts V and VI sought to reestablish each of the non-competition agreements executed by Feld- *971 man and Saavedra pursuant to section 71.011(4), Florida Statutes (1995) because the originally executed documents had been lost.
This case proceeded to trial before a general master. At the conclusion of Carlsen’s case in chief, the appellees moved for a directed verdict on all counts based upon their argument that Carlsen’s damages were speculative. The general master granted this motion in part and involuntarily dismissed only counts I through IV. These counts were dismissed not on grounds asserted by appel-lees but upon the general master’s conclusion that Carlsen could not seek the reestablishment of the lost documents simultaneously in a action for the breach and/or enforcement of these lost documents. In other words, the court construed section 71.011 to mean that the reestablishment of the lost document in a separate action was a condition precedent to initiating an action for the breach and/or enforcement of such documents.
After dismissing the claims for injunctive relief and damage claims with prejudice, the general master ordered the appellees to proceed with their defense solely on the remaining counts for the reestablishment of the lost non-competition agreements. At the conclusion of the trial, Carlsen prevailed on its counts for the reestablishment of the lost non-competition agreements. This decision thus left Carlsen in the peculiar position of having two valid non-competition agreements which could never be enforced by virtue of the involuntary dismissal granted as to counts I through IV. Carlsen’s timely filed exceptions to the general master’s involuntary dismissal of counts I through TV were denied by the trial court below and an amended final judgment was entered pursuant to the general master’s report. This appeal followed.
Section 71.011(4) provides in relevant part that:
(a) Any paper, record or file reestablished has the effect of the original. A private paper has such effect immediately on recording the judgment reestablishing it.
We conclude that the court erred in construing this statute to effectively preclude an action for the reestablishment of a lost document and an action for the breach and/or enforcement of the lost document from proceeding in the same lawsuit. We agree with Carlsen that the plain language of section 71.011(4)(a) states only that upon the recording of a judgment reestablishing a lost document, a copy of such document will be given the same effect as the original. This statute does not dictate that a judgment be entered and recorded for the reestablishment of the lost document as a condition precedent to an action for the enforcement and/or breach of the lost document. Indeed, parties have historically been permitted to seek the reestablishment and enforcement of lost documents in the same lawsuit. See, e.g., Edwards v. Rives, 35 Fla. 89, 17 So. 416 (1895)(allowing reestablishment of a lost contract for the sale of land and a specific performance claim to proceed simultaneously); Griffin v. Fries, 23 Fla. 173, 2 So. 266, 267-68 (1887)(allowing a claim for reestablishment to proceed with a claim for relief under such document in the same cause of action); Young v. Charnack, 295 So.2d 665, 667 (Fla. 3d DCA 1974)(action to reestablish and enforce lost mortgage and note). Where such actions for the reestablishment and enforcement of a lost document proceed simultaneously, logically, the trier of fact should merely decide the reestablishment issue prior to the enforcement or breach issues. In any event, in the instant case, we find no basis for the court’s dismissal of the counts for enforcement and/or breach of the lost documents where it was undisputed that Carlsen had set forth a pri-ma facie ease on these counts. Accordingly, we reverse the involuntary dismissal granted as to counts I through IV and remand for a new trial on these counts.
Reversed and remanded.