[Civ. No. 9317.   Third Dist.   June 26, 1958.]

JAMES H. WAYLAND et al., Respondents, v. STATE OF CALIFORNIA DEPARTMENT OF EMPLOYMENT et al., Appellants.

Edmund G. Brown, Attorney General, Irving H. Perluss, Assistant Attorney General, and Vincent P. Lafferty, Deputy Attorney General, for Appellants.

Newton & Lopez for Respondents.

PEEK, J.—The defendants appeal from an adverse judgment in an action to quiet title, which judgment specifically decreed that defendants' lien for unpaid unemployment insurance taxes was extinguished by a previous foreclosure sale under a deed of trust.

The record, which comes before us upon an agreed statement, shows that in January, 1946, the then owners of the real property involved, Mr. and Mrs. Harry Davis, executed a deed of trust wherein they were named as trustors, and one A. F. Dobrowsky was named as a beneficiary. In January, 1948, defendants, pursuant to section 45.10 of the Unemployment Insurance Act, now section 1703 of the Unemployment Insurance Code, recorded a certificate of lien to secure payment of delinquent taxes owed by Davis to the defendant Department of Employment. The lien was subsequently extended by the filing and recordation of a second certificate. In October, 1950, the Davises being in default, the trustee sold the property under the power of sale contained therein to the beneficiary who in turn subsequently sold the property to plaintiffs. Thereafter plaintiffs brought their action pursuant to the provisions of section 2931a of the Civil Code against the defendants to quiet their title to said real property.

Section 2931a provides in part as follows: "In all actions brought to determine conflicting claims to real property, . . . or to foreclose a deed of trust, mortgage, or other lien upon real property upon which exists a lien to secure the payment of taxes or other obligations, to the State of California, other than taxes upon such real property, the State of California may be made a party, and in such action the court shall have jurisdiction to determine the priority and effect of the liens described in the complaint in or upon the property, but the

jurisdiction of the court in such action shall not include a determination of the validity of the tax giving rise to the lien or claim of lien . . ."

It should also be noted that section 45.10 of the Unemployment Insurance Act provided that the lien created by the recordation of the certificate of tax indebtedness shall have "the force, effect, and priority of a judgment lien."

The sole question presented on this appeal is stated in the record to be: "Was the lien of the defendants extinguished by the sale of the property under the power of sale contained in the deed of trust?"

Defendants properly concede the priority of the deed of trust and that had this been a private lien or judgment, there would be no basis for complaint. However it is argued that the doctrine of sovereign immunity, when considered in relation to said section 2931a, demonstrates that the Legislature intended judicial foreclosure to be the exclusive procedure to extinguish a tax lien of the state; that the right to foreclose under a power of sale is a private contract right between the parties; that the state, not being a party thereto, is not bound by a "private sale" because the state was not a party to the trust deed, was not afforded a statutory right to bid upon and purchase such property at the sale, and hence the extrajudicial sale did not extinguish the tax lien.

Defendants argue further that although section 1703 provides that the lien therein set forth shall have the "force, effect, and priority of a judgment lien," that does not identify the tax lien of the state with the lien of a private judgment creditor such as could be foreclosed by a sale under a power.

Subsequent to the filing of their closing brief, defendants' counsel addressed a letter to this court wherein with most commendable candor he referred to the case of *United States* v. *Boyd*, 246 F.2d 477 (5th Cir.) (cert. denied), stating, "While the decision is contrary to the position taken by the Appellant, State of California, it is being brought to the attention of the Court by the Attorney General in the interest of justice." In that case it was held that a federal lien for taxes is extinguished by foreclosure under a power of sale contained in a prior deed of trust. Additionally the court specifically noted the contrary conclusion in *Metropolitan Life Insurance Co.* v. *United States*, 107 F.2d 311 (6th cir.), the case primarily relied upon by defendants herein, stating: "Neither the result nor the reasoning of that case seems satisfactory." (P. 482.)

■ We cannot agree with the very earnest argument made by defendants. The Legislature created the lien in question in the manner set forth in the applicable statutory provisions, presumably with full knowledge of the consequences of its action. Therefore, as the court noted in the Boyd case, it is inconceivable that the Legislature being so fully aware of the widespread use of the trust deed in property financing, enacted section 2931a with the intent of declaring the commonly accepted statutory procedures for sale under power invalid as against a tax lien of the state and thereby forcing all property foreclosures into the courts. Hence, in the absence of a more definite indication of legislative intent, we should avoid a construction which would only add to the obvious confusion that would result from adherence to the contention of defendants.

■ In addition we do not believe that the portion of section 1703 of the Unemployment Insurance Code, providing that the certificate of tax indebtedness shall have "the force, effect, and priority of a judgment lien" can be as narrowly construed as do defendants. Their argument in this regard is that by use of the specific words, "force, effect, and priority," the Legislature intended the lien to resemble a judgment lien in the three specified characteristics, and then only in a strict, literal sense. While it is true, as defendants contend, that the Legislature could just as easily have declared such a lien to be a judgment lien for all purposes, the fact that it did not do so in this particular instance does not necessarily mean that the words used should be as strictly construed as do defendants. The term "force and effect" is of common, everyday usage. Certainly, then, such words must be read in their common, accepted meaning; that is, by giving to something the force and effect of something else is to give equality to each.

■ Finally, and again as the court noted in the Boyd case, it is inaccurate to describe a sale under the power contained in a deed of trust as a private sale. In accordance with the provisions of section 692 of the Code of Civil Procedure, notice of the intended sale must be posted at certain designated places for a definite period of time, and a like notice must be published for a similar period. And under the terms of section 2924b of the Civil Code, copies of such notice may be had on request.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.