[S.F. No. 23162. In Bank. July 15, 1975.]

ROSEBURG LOGGERS, INC., Plaintiff, v.
U.S. PLYWOOD-CHAMPION PAPERS, INC.,
Defendant and Respondent;
SIGURD HANSEN, as Director, etc., Claimant and Respondent;
J. R. STANDLEY & SONS LOGGING COMPANY,
Claimant and Appellant.

**COUNSEL**

Cibula & Cibula and Franklin S. Cibula for Claimant and Appellant.

Evelle J. Younger, Attorney General, Ernest P. Goodman, Assistant Attorney General, Edward P. Hollingshead and William L. Shaw, Deputy Attorneys General, for Claimant and Respondent.

No appearance for Defendant and Respondent.

**OPINION**

**SULLIVAN, J.**—We deal here with the problem of priority of liens granted by court orders to two competing judgment creditors upon the

pending cause of action of their judgment debtor. The precise question presented to us is whether such a lien granted to the Director of the Department of Human Resources, although later in time, is entitled to priority in right by virtue of the fact that prior to the court order granting a lien to the competing judgment creditor, the Director pursuant to the Unemployment Insurance Code had timely filed for record in the county recorder's office a certificate as to the delinquency in the payment of contributions, interest and penalties due from the judgment debtor so as to constitute under said code a lien upon all the property of said debtor in the county. We have concluded that it is not. We reverse the judgment.

We set forth the chronology of the significant events giving rise to the problem before us. On *December 15, 1969,* plaintiff Roseburg Loggers, Inc. (Roseburg) commenced the instant action for breach of contract against U.S. Plywood-Champion Papers, Inc. (Plywood). Roseburg had become delinquent in the payment of contributions due and owing under the provisions of the Unemployment Insurance Code. On *February 27, 1970,* the Director of Human Resources Development (Director) pursuant to section 1703 of said code[1] filed for record in the office of the Humboldt County Recorder his certificate specifying contributions, interest and penalties due in the amount of $2,375.10 and thereby obtained a "lien upon all the property in the county owned by the person," which lien "has the force, effect and priority of a judgment lien." (§ 1703.)

[1]Section 1703, as in effect at the pertinent times, provided: "If an employing unit is delinquent in a payment of any contributions, penalties or interest provided for in this division, the director may, not later than three years after the payment became delinquent, or within 10 years after the last entry of a judgment under Section 1815, file for record in the office of any county recorder a certificate specifying the amount of contributions, interest and penalties due, the name and address as it appears on the records of the department of the employing unit liable for the same and the fact that the department has complied with all provisions of this division in the determination of the amount required to be paid. From the time of the filing for record, the amount required to be paid together with interest and penalty constitutes a lien upon all the property in the county owned by the person or acquired by him before the lien expires, except that with respect to personal property the lien shall not be valid against a purchaser for value without actual knowledge of the lien. The lien has the force, effect, and priority of a judgment lien and shall continue for 10 years from the time of the filing of the certificate unless sooner released or otherwise discharged. The lien may, within 10 years from the date of the filing of the certificate or within 10 years from the date of the last extension of the lien, be extended by filing for record a new certificate in the office of the county recorder of any county and from the time of such filing the lien shall be extended to all the property in such county for 10 years unless sooner released or otherwise discharged." (Stats. 1957, ch. 1188, § 2, p. 2479.)

On *March 10, 1970,* claimant J. R. Standley & Sons Logging Company (Standley) obtained a default judgment against Roseburg in the sum of $145,253.14. On *June 3, 1970,* Standley, as such judgment creditor pursuant to section 688.1 of the Code of Civil Procedure,[2] made a motion in the instant case for a lien on Roseburg's cause of action in the amount of the default judgment together with interest and costs. On *June 19, 1970,* the court below, pursuant to a stipulation entered into between Roseburg and Standley granted said lien in the amount requested upon the cause of action and upon any judgment subsequently procured.

On *December 21, 1970,* the Director, pursuant to section 688.1, made a motion for lien as a judgment creditor on Roseburg's cause of action against Plywood in the amount of the tax judgment lien, namely $2,485.62 together with interest. On *March 10, 1971,* the trial court entered its order granting such lien, effective *February 27, 1970,*[3] in the amount requested together with interest at the rate of $9.99 per month from January 1, 1971.

By letter dated *May 8, 1972,* counsel for Roseburg informed the Attorney General as attorney for the Director, that Roseburg intended to settle its cause of action against Plywood for $10,000, that the entire amount of the settlement would be consumed by Standley's lien on the cause of action, and requested the Director to sign a consent to the

---

[2]Section 688.1, as in effect at the pertinent times, provided: "Upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties, the court or judge thereof may, in his discretion, order that the judgment creditor be granted a lien upon the cause of action, or the right to relief, if the party or parties against whom the lien is sought are appearing in a capacity other than plaintiff and upon any judgment subsequently procured in such action or proceeding, and, during the pendency of such action, may permit said judgment creditor to intervene therein. Such judgment creditor shall have a lien to the extent of his judgment upon all moneys recovered by his judgment debtor in such action or proceeding and no compromise, settlement or satisfaction shall be entered into by or on behalf of said debtor without the consent of said judgment creditor, unless his lien is sooner satisfied or discharged. The clerk or judge of the court shall endorse upon the judgment recovered in such action or proceeding a statement of the existence of the lien, the date of the entry of the order creating the lien, and the place where entered, and any abstract issued upon the judgment shall contain, in addition to the matters set forth in Section 674 of the Code of Civil Procedure, a statement of the lien in favor of such judgment creditor." (Stats. 1968, ch. 1036, § 1, p. 2002.)

Hereafter, unless otherwise specified, all section references are to the Code of Civil Procedure.

[3]The date of the filing for record of the Director's certificate of unemployment tax delinquency.

contemplated dismissal of the action.[4] The Director refused and instead claimed lien priority over Standley on the ground that the Director's lien under section 688.1 had been granted effective as of *February 27, 1970,* and was thus prior in time to the lien granted Standley on June 19.

On *May 31, 1972,* the Director moved the court below for an order declaring that he had lien priority over Standley. On *June 12, 1972,* the Director filed an amended motion providing in addition for the impoundment of the lien payment due to the following facts: (1) that on May 26, 1972, the Director had received a check from Roseburg in full payment of the lien as part of the execution of the $10,000 settlement of its cause of action; and (2) that the Director had become aware of our granting a hearing in the case of *Takehara v. H.C. Muddox Co.* involving the issue of priority of liens allowed under section 688.1. Therefore the Director requested, with Standley's concurrence, that the court impound the payment awaiting the outcome of the *Takehara* case.

On October 20, 1972, this court filed its opinion in *Takehara v. H.C. Muddox Co.* (1972) 8 Cal.3d 168 [104 Cal.Rptr. 345, 501 P.2d 913] holding that judgment creditors have priority based on the date of the orders of the trial court granting them liens under section 688.1. On February 20, 1973, the trial court, after noting our decision in *Takehara,* ruled that "the provisions establishing a lien upon all property upon the filing of the tax lien under the provisions of § 1703 establishes a lien of equal validity and different than the judgment lien provided by § 688.1. So while it is true that in time the State's lien under § 688.1 would be junior to the other lien here in question, in the opinion of the Court, the State's lien dates not from the time of the Court order but from the time of the filing of the lien under the provisions under § 1703 and is, therefore, prior to the lien of J. R. Standley." This appeal followed.

Prior to the 1941 amendment to section 688 a judgment creditor seeking satisfaction of his judgment could levy execution upon and sell a pending cause of action in which his judgment debtor was plaintiff. (*Everts* v. *Will S. Fawcett Co.* (1937) 24 Cal.App.2d 213, 215-217 [74 P.2d 815]; *Meserve* v. *Superior Court* (1934) 2 Cal.App.2d 468, 472-473 [38 P.2d 453]; Comment, 14 So.Cal.L.Rev. (1941) 172, 178; 5 Witkin, Cal.

---

[4]Section 688.1 (see fn. 1, *supra*) provides that a cause of action subject to a lien granted under section 688.1 cannot be compromised or settled without the consent of the lienor.

Procedure (2d ed. 1971) §§ 132, 140, pp. 3497, 3503.)[5] This harsh procedure created a great danger that the forced sale of the disputed claim or cause of action would realize far less than it was worth. In 1941 the Legislature amended section 688 to prohibit levy upon, or sale on execution of, a cause of action or judgment. (Stats. 1941, ch. 1148.) It appears that the purpose of this 1941 amendment was to eliminate the danger that the plaintiff judgment debtor would be deprived of his cause of action at a figure far below its actual worth, and thereby have less of his judgment debt satisfied than proper. (*Turner* v. *Donovan, supra,* 64 Cal.App.2d 375, 378; see *Takehara* v. *H. C. Muddox Co., supra,* 8 Cal.3d 168, 172; *The Work of the 1941 Legislature* (1941) 15 So.Cal.L.Rev. 1, 18; 5 Witkin, Cal. Procedure, *supra,* § 132, p. 3497.)

Nevertheless, the 1941 Legislature did not entirely remove a judgment debtor's pending cause of action from the reach of a judgment creditor, but rather created an entirely new procedure by enacting section 688.1 (see fn. 2, *ante*) and affording the judgment creditor an opportunity to obtain a lien upon it. (Stats. 1941, ch. 1148.) "Evidently this section was intended to give the judgment creditor a new means of reaching a cause of action belonging to his judgment debtor and upon which an action is pending, since, under the amendment to Section 688, the cause of action no longer can be levied upon and sold on execution. . . . Since experience has demonstrated that a cause of action upon which an action is pending does not bring very much on execution sale [fn. omitted] the remedy now provided for by Section 688.1 is a more just and reasonable one. It protects the judgment creditor and gives him adequate relief and at the same time does not produce unfair hardship insofar as the judgment debtor is concerned." (*The Work of the 1941 Legislature, supra,* 15 So.Cal.L.Rev. p. 18.)

Under section 688.1, with exceptions not here applicable, "upon motion of a judgment creditor of any party in an action or special proceeding made in the court in which the action or proceeding is pending upon written notice to all parties," the court may in its discretion grant the judgment creditor a lien on the cause of action and

---

[5]However, once the cause of action was reduced to a judgment in plaintiff's favor, such judgment could not be sold on execution, following a levy by service of a garnishment on the defendant debtor. (*Turner* v. *Donovan* (1944) 64 Cal.App.2d 375, 379-381 [148 P.2d 912]; *Sunset Realty Co.* v. *Dadmun* (1939) 34 Cal.App.2d Supp. 733 [88 P.2d 947]; contra: *Lantin* v. *Biscailuz* (1939) 35 Cal.App.2d 422 [95 P.2d 962]; *The Work of the 1941 Legislature* (1941) 15 So.Cal.L.Rev. 1, 17.)

upon any judgment subsequently procured, and permit him to intervene in the case. Any lien granted the creditor shall be to the extent of his judgment upon all moneys recovered by his judgment debtor in the action or proceeding and "no compromise, settlement or satisfaction shall be entered into by or on behalf of such debtor" without the creditor's consent. The section provides for an endorsement upon the judgment of a statement of the existence of the lien.

However, the section is silent as to the method of enforcement of the lien. As a practical matter, it would normally be extinguished when the judgment subject to the lien is satisfied either by payment by the defendant in the pending action or special proceeding or by levy and sale on execution. If, however, the plaintiff judgment debtor takes no action to effect satisfaction of the judgment, as may occur for example when the lien granted the plaintiff's judgment creditor pursuant to section 688.1 exceeds the amount of the judgment obtained by the plaintiff, then, of course, it would seem that the judgment creditor will find it necessary to take steps to enforce his lien. This is so since due to the 1941 amendment to section 688 "no cause of action nor judgment as such, shall be subject to levy or sale on execution." Therefore the plaintiff's judgment creditor must pursue the equitable remedy of foreclosure of a lien. (*The Work of the 1941 Legislature, supra,* 15 So.Cal.L.Rev. 18; see *Montgomery* v. *Meyerstein* (1924) 195 Cal. 37, 43-46 [231 P. 730]; *Wellborn* v. *Wellborn* (1942) 55 Cal.App.2d 516, 520-525 [131 P.2d 48]; 2 Witkin, Cal. Procedure (2d ed. 1971) pp. 945-946; 5 Witkin, Cal. Procedure, *supra,* pp. 3395-3396.)·

■ . Section 688.1 is also silent as to the priority of liens granted pursuant to that section. In *Takehara* v. *H. C. Muddox Co., supra,* 8 Cal.3d 168, 172, we held that other things being equal, "section 688.1 provides for creation of a lien against a cause of action at the time of the trial court's granting the lien, that the section does not establish any special rule of priority between lien claimants, and that the ordinary rule set forth in section 2897 establishing priority on the basis of time of creation of the liens is determinative." If the *Takehara* holding were directly applied to the facts of this matter, Standley's lien would prevail since the order granting it was entered on June 19, 1970, more than eight months before entry of the order granting the Director's lien. The Director contends that the application of such a rule here is inappropriate since by recording his certificate of delinquency on February 27, 1970, pursuant to section 1703 of the Unemployment Insurance Code he

had already acquired a lien on all of Roseburg's property in Humboldt County including Roseburg's cause of action against Plywood which was then pending in the Humboldt County Superior Court and therefore by virtue of such lien had priority. In order to dispose of this contention, it is first necessary to examine the nature of tax liens created pursuant to the Unemployment Insurance Code.

As mentioned earlier, section 1703 of the Unemployment Insurance Code (see fn. 1, *ante*) allows the Director to record in the office of the county recorder a certificate specifying the amount of delinquent contributions and provides that from the time of such filing "the amount required to be paid . . . constitutes a lien upon all the property in the county owned by the person or acquired by him before the lien expires . . . . The lien has the force, effect and priority of a judgment lien . . . ." It will be recalled that a judgment merely creating a lien on specified property is not a proper basis for execution (see 5 Witkin, Cal. Procedure, *supra,* pp. 3395-3396 and other authorities cited, *supra*). Accordingly, the Unemployment Insurance Code makes provision for a warrant for enforcement of liens which "shall have the same effect as a writ of execution. The warrant shall be levied and sale made pursuant to it in the same manner and with the same effect as a levy of and a sale pursuant to a writ of execution." (§ 1785.) This section clearly calls for levy and sale on execution. However, section 688 bars levy and sale on execution on a cause of action or a judgment. Therefore, even though the tax lien created by section 1703 of the Unemployment Insurance Code purportedly applied to "all property in the county," including a cause of action, it cannot be enforced against a cause of action by the warrant provided for in section 1785 of said code. To do so, the Director must make a motion in the appropriate court pursuant to the procedure provided by the enactment in 1941 of section 688.1, as the substitute for levy and sale on execution barred in that year by the amendment to section 688.

Standley is a judgment creditor of Roseburg by virtue of obtaining a default judgment. The director is a judgment lienor of Roseburg by virtue of recording a certificate of delinquency pursuant to section 1703 of the Unemployment Insurance Code. Neither Standley nor the Director can satisfy their judgment rights by levy and sale by execution on Roseburg's cause of action against Plywood. (§ 688.) Section 688.1 provides the exclusive procedure by which a judgment creditor may satisfy a judgment against a cause of action. Under *Takehara* v. *H. C.*

*Muddox Co., supra,* 8 Cal.3d 168, the first court-ordered lien created under section 688.1 has priority.[6]

The Director urges that "other things" are not "equal," that the tax lien created by section 1703 of the Unemployment Insurance Code is entitled to greater weight or authority than other judgment creditor claims. However, section 1703 specifies that the "lien has the force, effect and priority of a judgment lien." There is nothing in the statute to suggest that the director is to be given any greater rights than other judgment creditors. Indeed in *Wayland* v. *State of California* (1958) 161 Cal.App.2d 679, 681-682 [326 P.2d 954], it was held that a tax lien created by recording a certificate of delinquency pursuant to the statutory predecessor of section 1703 of the Unemployment Insurance Code was to be given the same force and effect as a lien of a private judgment creditor. In *Wayland* the employer and his wife executed a deed of trust on their real property. Subsequently the Department of Employment recorded a certificate of delinquency and obtained a lien on that property. The owners defaulted under the deed of trust and the trustee sold the property under the power of sale contained in the deed of trust to plaintiffs, who brought a quiet title action. The trial court quieted title, stating that the tax lien was extinguished by the foreclosure sale. The Court of Appeal affirmed. A private lien of a judgment creditor is extinguished by sale under deed of trust. The court held the tax lien must be treated as equal to a lien of a private judgment creditor and was likewise extinguished.

Accordingly we are of the view that since a tax lien created pursuant to section 1703 of the Unemployment Insurance Code is treated the same as any other judgment lien, "other things" are "equal" and that the priority rule specified in. *Takehara* controls. In other words, regardless of the order in which the judgment creditors obtained their judgments, the first judgment creditor to obtain a lien pursuant to section 688.1 has priority.

---

[6]If the property involved had been property subject to levy and sale on execution, the first to levy as between Standley and the Director would have priority. (*Hertweck* v. *Fearon* (1919) 180 Cal. 71, 75 [179 P. 190]; *Partch* v. *Adams* (1942) 55 Cal.App.2d 1, 10 [130 P.2d 244]; Jackson, Cal. Debt Collection Practice (Cont.Ed.Bar 1968) § 17.20, p. 379; 5 Witkin, Cal. Procedure, *supra*, § 75, p. 3448.) Likewise where the property is a cause of action, the first to "levy," e.g., obtain a lien under section 688.1, has priority.

To recapitulate, we arrive at the following conclusions: First, since the Director sought to enforce his tax lien against Roseburg's pending cause of action, it was necessary, in view of the property to be subjected to the levy, that enforcement be effectuated pursuant to section 688.1 of the Code of Civil Procedure and not pursuant to section 1785 of the Unemployment Insurance Code. Secondly, since both the Director and Standley as judgment creditors moved pursuant to section 688.1 for orders granting a lien on Roseburg's cause of action and since Standley's lien was created first, it takes priority over the Director's.

The order granting priority to the lien of the Director of Human Resources Development is reversed and the cause is remanded to the trial court with directions to enter an order granting priority to the lien of J. R. Standley & Sons Logging Company.

Wright, C. J., McComb, J., Mosk, J., Clark, J., Richardson, J., and Burke, J.,* concurred.

On August 20, 1975, the opinion was modified to read as printed above.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.