HÉCTOR ALBALADEJO, ETC., demandantes, *v.* JOSÉ L. VILELLA SUAU, ETC., demandados y peticionarios, INTERSTATE FIRE & CASUALTY INSURANCE COMPANY, ETC., demandados y recurridos, WILLIAM MARINI SANDOVAL, ETC., interventores y recurridos.

*Número:* O-76-57 *Resuelto:* 30 de septiembre de 1977

*Raúl J. Tous Bobonis* y *Rafael E. Castro Pérez,* abogados de los peticionarios; *Rua, Mercado & González* y *Rolando Martínez Rivera,* abogados de los demandados y recurridos; *Pedro E. Ortiz Alvarez,* abogado de los interventores y recurridos.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Se trata de la ejecución de una sentencia obtenida en un pleito de daños y perjuicios. Los peticionarios—marido y mujer—impugnan el procedimiento de ejecución básicamente

por no haber sido notificados del embargo de la propiedad ejecutada ni del mandamiento de ejecución.

Los peticionarios estuvieron representados desde la radicación de la demanda en 21 de septiembre de 1971 por el Lcdo. Miguel A. Nieves Díaz. Este renunció la representación legal un mes antes de la fecha señalada para la vista en su fondo del caso habiendo notificado con copia de la renuncia a su cliente José L. Vilella Suau, aquí peticionario, a su dirección en Carretera 106, Km. 6, Hm. 1, Barrio Quemado, Mayagüez. La renuncia fue aceptada en 16 de agosto de 1972 habiendo sido notificada copia de la orden del tribunal al peticionario Vilella a la dirección ya mencionada, en el Barrio Quemado de Mayagüez. Esta es la dirección residencial que el propio peticionario había informado a los demandantes en la Contestación a Interrogatorios en 7 de diciembre de 1971. [1]

█ En 25 de agosto de 1972 la compañía de seguros codemandada notificó una demanda contra coparte a Vilella al Barrio Quemado, seguida por una notificación del demandante de una oposición a la misma dirección. El tribunal de instancia denegó la demanda contra coparte y notificó la Orden a Vilella al Barrio Quemado. No fue hasta el 1°. de septiembre de 1972, en una moción de suspensión de vista presentada por Vilella, que aparece la dirección de éste como Calle Nereida

---

[1] Es curioso notar que antes de esa fecha el peticionario había avisado al Administrador de Correos de Mayagüez—en 14 de octubre de 1970— que su dirección postal había cambiado de Calle De Diego Núm. 17 Este de Mayagüez a Calle Nereida Núm. 60 (bajos), Ensanche Martínez de Mayagüez. Véase Carta del Administrador de Correos de 30 de agosto de 1975, Exh. 2 demandada. El hecho de que en 14 de octubre de 1970 su dirección postal era en Calle Nereida Núm. 60, y en 7 de diciembre de 1971 su dirección residencial era Bo. Quemado de Mayagüez, y luego en 1°. de septiembre de 1972 en la moción de suspensión radicada por Vilella aparece nuevamente que es la Calle Nereida Núm. 60, y más aún, que a la fecha de la ejecución aún era dueño de la propiedad del Barrio Quemado, estando allí presente su hija el día del desalojo de la propiedad por el Alguacil, sugiere que el peticionario demandado utilizaba ambas propiedades indistintamente como residencia.

60, Mayagüez. Es entonces que el tribunal le notificó a Vilella por telegrama a la Calle Nereida 60 el haber declarado sin lugar la suspensión. Al comparecer Vilella sin abogado e insistir en la suspensión el tribunal le impuso las costas. El tribunal nuevamente notificó a Vilella por telegrama en 4 de octubre de 1972 una orden requiriéndole designara nuevo abogado. En 16 de octubre de 1972 compareció Vilella a la vista del caso acompañado del Lcdo. E. Ramírez Moll en la que se sometió una estipulación aceptando Vilella que se dictara sentencia en su contra, tanto con respecto a la demanda como a la demanda de coparte instada por la compañía aseguradora contra Vilella. Las partes fueron notificadas en corte abierta. Al dictarse sentencia en noviembre de 1972 le fue notificada entonces a Vilella a la dirección de Calle Nereida 60, conforme se señala por el Juez Superior en resolución dictada posteriormente en 4 de septiembre de 1975. ([2])

En septiembre de 1973 la compañía aseguradora codemandada presentó moción de ejecución de sentencia que no notificó a Vilella. El embargo fue anotado el mes siguiente. En 12 de noviembre de 1974 la ejecutante presentó una moción en la que informaba la anotación del embargo de la propiedad de Vilella, y en la que solicitaba además se le permitiera licitar el crédito obtenido por sentencia hasta la suma de $13,000 en exceso de cualquier postura que hiciera un tercero que sobrepasare la cantidad garantizada con gravámenes anteriores. Esta moción aparece notificada a Vilella al Barrio Quemado sin haber constancia de que hubiere sido devuelta por la que se presume que fue recibida. ([3])

El acta de la subasta celebrada en 18 de julio de 1975 revela que se publicaron los edictos de subasta de acuerdo con

([2]) El peticionario alega en su recurso que nunca recibió copia de la sentencia, pero no surge que haya sido devuelta al tribunal. Se presume pues, el recibo por el destinatario. R. 67.2 de Procedimiento Civil.

([3]) A mayor abundamiento fue notificada al Lcdo. Miguel A. Nieves Díaz, quien fuera el abogado de Vilella hasta poco antes de la celebración del juicio.

la ley, y que se envió copia del Aviso de Subasta por correo certificado al demandado Vilella al Barrio Quemado, cuya comunicación fue devuelta por el correo con una indicación al efecto de que no había buzón de correos (*no mail receptacle*). En 22 de julio de 1975 la compañía aseguradora ejecutante notificó a Vilella, tanto a la dirección de la Calle Nereida como a la del Barrio Quemado, con copia de una moción para retirar los fondos producidos por la subasta. [4] Y, no fue hasta el 2 de septiembre siguiente que Vilella solicitó la anulación del procedimiento de ejecución de sentencia.

## I

 El embargo es un remedio provisional para asegurar la efectividad de la sentencia. 32 L.P.R.A. Ap. II, R. 56.1. Puede concederse sin fianza si se gestiona después de sentencia (R. 56.3), en cuyo caso puede autorizarse a moción de parte, y se efectuará, en caso de bienes inmuebles, anotándolo en el Registro de la Propiedad y notificándolo al demandado. [5] *Id.* R. 56.4. Conforme lo dispone la Regla 67.2, la notificación se hará al abogado o a la parte, cuando no hu-

[4] La propiedad fue adjudicada a un tercero por la suma de $15,900. El valor informado por el demandado Vilella en la contestación a interrogatorio de 3 de marzo de 1972 fue $20,000. La sentencia que se ejecutó ascendía a $15,417.52.

[5] En el pasado al interpretar la Sec. 9 de la anterior Ley de marzo 1 de 1902 sobre Aseguramiento de la Efectividad de Sentencia, cuyo texto es similar a la actual Regla 56.4 de las de Procedimiento Civil, resolvimos que la notificación de la anotación de embargo al demandado solamente es necesaria cuando contiene una prohibición de enajenar. *Kuenzli* v. *Symister*, 43 D.P.R. 468 (1932), *López* v. *Martínez Hnos. & Co., S. en C.,* 45 D.P.R. 530 (1933); *Ramery Vélez* v. *Banco Popular,* 90 D.P.R. 274 (1964). En este último caso, sin embargo, expresamos a manera de *dicta* que la práctica aconsejable es que el embargo de bienes inmuebles anotados en el Registro de la Propiedad se notifique al demandado, según lo dispone la Regla 56.4 de Procedimiento Civil, a fin de que éste pueda utilizar oportunamente el remedio de impugnar dicho embargo por razones de ley que lo justifique. La doctrina de los casos de *Kuenzli, López* y *Ramery Vélez,* supra, no debe subsistir a la luz de lo dispuesto en la propia Regla 56.4 que requiere notificación del embargo al demandado en todo caso.

biere abogado, entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal,[6] y en caso de notificarse por correo quedará perfeccionada al ser depositada en el correo. *Id.* R. 67.2; véase *Valldejuli Rodríguez* v. *Srio. de Hacienda,* 89 D.P.R. 17, 29 (1963).

Debemos resolver si la notificación del embargo héchale al demandado en noviembre de 1974 al Barrio Quemado de Mayagüez cumple con los requisitos de ley. Según explicamos en el escolio 1 de esta opinión había margen para creer que Vilella utilizaba dos direcciones. El hecho de que en la Moción de Suspensión presentada con posterioridad a la Contestación a los Interrogatorios indicara al calce la dirección de la Calle Nereida Núm. 60 sin recalcar expresamente que había habido un cambio de dirección que debía utilizarse en futuras notificaciones, daba lugar a que pasara por desapercibida la nueva dirección. Es significativo que Vilella produjera prueba de un cambio de dirección anterior dentro de la ciudad de Mayagüez notificada al Administrador de Correos, pero que no adujera prueba alguna de que hubiese notificado posteriormente el cambio de dirección del Barrio Quemado a la ciudad. No solamente no notificó el haber dejado de residir en el Barrio Quemado sino que ni siquiera tenía el buzón de correos exigido para la entrega de la correspondencia. Por ello, fue devuelto, por el correo, el Aviso de Subasta cursádole posteriormente. Las circunstancias señaladas tienden a indicar el descuido de Vilella en informar su cambio de dirección, si realmente hubo un cambio.

Según dicta la Regla 67.2, la notificación por correo quedará perfeccionada al ser depositada en el correo dirigida a la última dirección conocida del destinatario. La explicación precedente de los hechos en conexión con el envío demuestra

---

[6] Nótese que si no se conociere la dirección del demandado, el aviso puede dejársele en manos del Secretario del Tribunal. En esos casos ni siquiera se exige un aviso público.

que la parte demandante cumplió con el precepto legal mencionado.

Aun si Vilella no hubiese recibido efectivamente el aviso de la anotación de embargo, más tarde se le cursó el Aviso de Subasta a la misma dirección del Barrio Quemado, el que fuera devuelto por el correo por no existir allí un buzón de correos. Ya hemos concluido que ésa podía ser la última dirección conocida.

■ El procedimiento de ejecución de sentencia está regulado por la Sec. 1129 *et seq.* del Título 32 y por la Regla 51 de las de Procedimiento Civil. No hemos podido encontrar disposición alguna que exija una notificación efectiva al dueño de la propiedad durante el trámite de ejecución. [7] Pero sí exige que se haga la publicación en un periódico, requisito con el que se cumplió en este caso. *Id.* sec. 1132(2).

## II

Los otros apuntamientos de error de los peticionarios son inmeritorios. Veamos.

■ Alegan los peticionarios como error que la sentencia dictada fue enmendada después del proceso de ejecución lo que debió haber producido la nulidad de la ejecución. Las resoluciones dictadas por el tribunal de instancia que alegadamente modifican la sentencia se producen como consecuencia de la solicitud de nulidad presentada por el codemandado Vilella. Dichas resoluciones se limitan a aclarar los fundamentos en los que se apoyó el tribunal al dictar la sentencia, y en manera alguna restan finalidad a ésta.

■ Otro de los errores señalados persigue la nulidad de la sentencia original, respecto a la demanda de coparte de la compañía aseguradora, por haber sido dirigida solamente contra Vilella quien resultó ser responsable del accidente de

---

[7] Insistimos, sin embargo, en que la notificación a la última dirección conocida satisface el debido procedimiento de ley.

automóvil que causó daños a los demandantes. Alegan los peticionarios que la sociedad de gananciales de Vilella y su esposa no fue incluida como parte. No tiene razón. Vilella estipuló que se dictara sentencia contra él para responderle a la compañía aseguradora conforme a las alegaciones contenidas en la demanda contra coparte radicada por ésta. Surge del expediente que Vilella conducía el vehículo envuelto en el accidente mientras se encontraba en gestiones de su cargo. Su empleo es para beneficio de la sociedad de gananciales por lo que ésta responde de los daños causados. *Lugo Montalvo* v. *González Mañón,* 104 D.P.R. 372 (1975). De todas maneras la demanda original de los demandantes incluyó la sociedad de gananciales y ésta compareció al pleito representada por abogado y presentó una alegación responsiva. Luego el pleito fue transigido por estipulación en la que compareció Vilella como Administrador de la Sociedad de Gananciales.

*Por los fundamentos expuestos se confirmará en todas sus partes la sentencia dictada por el Tribunal Superior, Sala de Bayamón, el 14 de noviembre de 1972 en el caso civil número CS-71-3763, Héctor Albaladejo, etc. v. José L. Vilella Suau y la Sociedad de Gananciales constituida por él y su esposa, etc.*

El Juez Asociado Señor Rigau no intervino.